UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 3:10-cr-00148 (JAM) |
| COREY CALBERT | |

RULING GRANTING DEFENDANT'S MOTION FOR
REDUCTION OF SENTENCE IN ACCORDANCE WITH U.S.S.G. AMENDMENT #782

On September 4, 2012, this Court (*Burns, J.*) sentenced defendant Corey Calbert principally to a term of 87 months imprisonment and a term of four years supervised released, following his conviction of Conspiracy to Distribute and Possess With Intent to Distribute 28 Grams or More of Cocaine Base, in violation of 21 U.S.C. § 846 and 841(a)(1) and (b)(1)(B)(iii). On the basis of Amendment 782 to the U.S. Sentencing Guidelines, defendant now moves to be re-sentenced pursuant to 18 U.S.C. § 3582(C)(2). For the reasons that follow, I will grant defendant's motion and reduce defendant's sentence to a term of 70 months imprisonment, effective as of November 1, 2015.

BACKGROUND

Amendment 782 to the United States Sentencing Guidelines provides for a reduction of two offense levels for the sentencing range calculation for a defendant who has been subject to sentencing under §§ 2D1.1 and 2D1.11 of the Guidelines. Amendment 782 reflects the Commission's determination "that setting the base offense levels above mandatory minimum penalties is no longer necessary" and that a reduction—including a retroactive reduction for defendants who are already serving their sentences—would be "an appropriate step toward

alleviating" both "the significant overcapacity and costs" of federal prisons. *See* U.S. Sentencing Guidelines Manual, Amendment 782, Policy Stmt. (2014).

Pursuant to 18 U.S.C. § 3582(c)(2), the Court may reduce the term of imprisonment of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the United States Sentencing Commission. The Court must follow a two-step approach to determine whether a sentence should be reduced and the extent of any such reduction. First, the Court must consider if the defendant is eligible for a reduction by calculating the Guidelines range that would have been applicable if the amended Guidelines had been in place at the time of the defendant's sentencing. Second, the Court must consider the range of general sentencing factors under 18 U.S.C. § 3553(a) to decide whether, in its discretion, a reduction is warranted. *See Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

Here, I conclude that the first step is satisfied. There is agreement by the defendant, the Government, and the U.S. Probation Office that defendant is eligible for a reduction of up to 17 months of his sentence pursuant to Amendment 782. The sentencing guidelines for his offense changed from 87 to 108 months to 70 to 87 months. Keeping in accord with the fact that his original sentence was at the bottom of the range, his new one should also fall there.

As to the second step, I also conclude in the exercise of my discretion and upon full consideration of the factors set forth under 18 U.S.C. § 3553(a) that the agreed-upon reduction is appropriate. This sentence is sufficiently long enough to serve the purposes of deterrence and to allow defendant to broaden his vocational and educational skills. Defendant says that he hopes to pursue a career in the area of social services, working with children or in community outreach. He states that he understands what he has done and where his current path began, so it is the

hope of this Court that the remainder of his sentence will be spent in accordance with his goal of working toward bettering his surroundings.

## CONCLUSION

For the foregoing reasons, defendant's motion for reduction of sentence is GRANTED. His term of imprisonment is reduced to 70 months, effective November 1, 2015. *See* U.S.S.G. § 1B1.10(e). All other aspects of the original sentence shall remain in effect.

It is so ordered.

Dated at New Haven this 23rd day of July 2015.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge